18-2025(L)
Singh v. Garland

BIA
Vomacka, IJ
A205 587 142

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of August, two thousand twenty-one.

PRESENT:
>    JON O. NEWMAN,
>    JOSÉ A. CABRANES,
>    SUSAN L. CARNEY,
>        *Circuit Judges.*

_____

MANPREET SINGH,
>    *Petitioner*,

>    v.                                    18-2025 (L),
                                           19-1257 (Con)
                                           NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:        Heidi J. Meyers, Esq. New York, NY.

FOR RESPONDENT:        Joseph H. Hunt, Assistant Attorney General; John Hogan, Assistant

Director; Robbin K. Blaya, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Manpreet Singh, a native and citizen of India, seeks review of a June 14, 2018, decision of the BIA affirming a July 7, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and an April 9, 2019, decision of the BIA denying his motion to reopen or reconsider. *In re Manpreet Singh*, No. A205 587 142 (B.I.A. June 14, 2018), *aff'g* No. A205 587 142 (Immig. Ct. N.Y. City July 7, 2017), and No. A205 587 142 (B.I.A. Apr. 9, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We deny the petition as to the lead case because the agency did not err in concluding that Singh failed to meet his burden of proof. We have reviewed both the BIA's and the

2

IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005).

Singh alleged past persecution in the form of threats and one attack by members of a rival political party. An applicant's testimony may be sufficient to sustain his burden of proof if it "is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such a[]. . . ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord*

*Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "In determining whether the applicant has met [his] burden of proof, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). A failure to corroborate also "may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

The agency reasonably relied on inconsistencies between Singh's credible fear interview, application, and testimony regarding how many attackers there were and what, if anything, they said to him during the sole incident of alleged harm. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that "material inconsistency in an aspect of [the] story that served as an example of the very persecution from which [petitioner] sought asylum . . .

4

afforded substantial evidence to support the adverse credibility finding" (internal quotation marks omitted)); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The agency was not required to accept Singh's explanations that he was scared at his interview and forgot that his attackers spoke to him. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

While the IJ also relied on less probative omissions, we defer to the IJ's reasonable interpretation that the added details were Singh's attempt to strengthen his claim. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (internal quotation marks and citation omitted)); *Hong Fei Gao*, 891 F.3d at 78 ("probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would have reasonably been expected to disclose").

The agency also reasonably found that Singh failed to corroborate his attack or that his father was killed for political reasons.  The IJ did not abuse his discretion in rejecting Singh's late-filed evidence where the affidavits were signed a month before the deadline, they contained errors or incomplete information, and the country conditions articles predated the deadline by at least one year.  *See Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008) (holding the IJ has broad discretion to set and enforce deadlines).  And the IJ considered many of the late-filed documents and reasonably concluded that they did not corroborate Singh's claim.  For example, his father's death certificate did not list a cause of death, his mother's affidavit did not confirm his political activities and was inconsistent about where his attack occurred, and a letter from a neighbor included placeholders for information to be filled in that undermined the reliability of the document.  *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").  Singh's failure to meet his burden of proof with credible testimony or corroboration

6

is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

We find no abuse of discretion in the BIA's denial of Singh's motion to reopen or reconsider. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). First, the BIA reasonably rejected Singh's claim that he suffered a due process violation based on translation errors because he failed to identify a particular error or articulate how such error affected his case. *See Guo Qi Wang v. Holder*, 583 F.3d 86, 89 n.1 (2d Cir. 2009).

Second, Singh did not show the prejudice required to state a claim of ineffective assistance of counsel. *See Debeatham v. Holder*, 602 F.3d 481, 486 (2d Cir. 2010). Singh did not suffer prejudice from his counsel's late filing of evidence because the IJ assessed the contents of the late-filed documents and considered their reliability and probative value. Singh had no knowledge of the contents of a letter counsel allegedly lost and thus could not show its value to his case. And his argument that his counsel's

actions undermined his credibility is unpersuasive given that his inconsistencies were within his own statements and about his own experiences.  Accordingly, he did not meet his burden to show "that the outcome of his removal proceedings would have been any different" but for counsel's actions. *Debeatham*, 602 F.3d at 486.

Finally, Singh argues that, under *Pereira v. Sessions*, 138 S. Ct. 2105, 2113-20 (2018), the immigration court lacked jurisdiction over his removal proceedings because his notice to appear ("NTA") did not include the date and time of his initial hearing.  In *Pereira*, the Supreme Court held that an NTA that fails to designate the date of an initial hearing does not trigger the stop-time rule ending the noncitizen's period of continuous presence for purposes of cancellation of removal.  138 S. Ct. at 2113-20; *see also Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1480-86 (2021).  Singh's argument to extend this holding is foreclosed by *Banegas Gomez v. Barr*, 922 F.3d 101, 110-12 (2d Cir. 2019), which holds that an NTA that omits the date and time of the hearing is adequate to vest jurisdiction in the immigration court if the noncitizen was sent a subsequent hearing notice with the missing

8

information.  Singh was served with notices of his hearings and appeared at those hearings.

For the foregoing reasons, the petitions for review are DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

9